**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>    Leonard V Grissom<br><br><br>    Debtor(s) | Case No. 13-37158 |

**CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT**

Tom Vaughn, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 09/20/2013.

2) The plan was confirmed on 12/03/2013.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on 06/02/2015.

4) The trustee filed action to remedy default by the debtor in performance under the plan on  NA .

5) The case was dismissed on 10/06/2015.

6) Number of months from filing to last payment: 19.

7) Number of months case was pending: 28.

8) Total value of assets abandoned by court order:  NA .

9) Total value of assets exempted:  NA .

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (09/01/2009)**

## Receipts:

| | |
|---|---|
| Total paid by or on behalf of the debtor | $2,572.10 |
| Less amount refunded to debtor | $0.00 |

**NET RECEIPTS:**     **$2,572.10**

## Expenses of Administration:

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $2,392.42 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $109.68 |
| Other | $55.00 |

**TOTAL EXPENSES OF ADMINISTRATION:**     **$2,557.10**

Attorney fees paid and disclosed by debtor:     $0.00

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| CHASE BANK USA | Unsecured | 418.00 | NA | NA | 0.00 | 0.00 |
| CHECK N GO | Unsecured | 100.00 | NA | NA | 0.00 | 0.00 |
| CITY OF CHICAGO DEPT OF REVENU | Unsecured | 8,286.35 | NA | NA | 0.00 | 0.00 |
| COMMONWEALTH EDISON | Unsecured | 300.00 | 158.42 | 158.42 | 0.00 | 0.00 |
| FASMA INC | Secured | 1,000.00 | NA | 2,128.00 | 9.24 | 5.76 |
| FASMA INC | Unsecured | 1,128.00 | NA | NA | 0.00 | 0.00 |
| Partners Col | Unsecured | 404.00 | NA | NA | 0.00 | 0.00 |
| PAYDAY LOAN STORE OF IL INC | Unsecured | 3,000.00 | NA | NA | 0.00 | 0.00 |
| PEOPLES GAS LIGHT & COKE CO | Unsecured | 1,936.00 | 1,785.95 | 1,785.95 | 0.00 | 0.00 |
| SPRINT NEXTEL | Unsecured | 776.00 | 948.45 | 948.45 | 0.00 | 0.00 |

**UST Form 101-13-FR-S (09/01/2009)**

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $2,128.00 | $9.24 | $5.76 |
| **TOTAL SECURED:** | **$2,128.00** | **$9.24** | **$5.76** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$2,892.82** | **$0.00** | **$0.00** |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $2,557.10 |
| Disbursements to Creditors | $15.00 |
| | |
| **TOTAL DISBURSEMENTS** : | **$2,572.10** |

12)  The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 01/07/2016                        By: /s/ Tom Vaughn
                                                            Trustee

**STATEMENT**:  This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.